IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| INGRID YARESI BALDERAS DE LEON | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-78 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Ingrid Yaresi Balderas De Leon, a federal prisoner, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Movant is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Texas. On March 2, 2022, a federal grand jury returned a four-count indictment charging Movant and two co-defendants with controlled substance and firearm offenses. Movant was charged with conspiracy to distribute and to possess with the intent to distribute fifty grams or more of methamphetamine (Count 1), and possession with intent to distribute a controlled substance on premises where children are present or reside (Count 4). Movant entered into a written plea agreement with the government, in which she agreed to plead guilty to the conspiracy charge in exchange for the dismissal of Count 4. The parties stipulated that Movant met the requirements of 18 U.S.C. § 3553(f)(5), which would allow a sentence below the statutory minimum of ten years, and they also agreed that a three-level adjustment for acceptance of responsibility applied. At the

sentencing hearing, the district court found that a two-level guideline enhancement for possession of a firearm applied, and that the enhancement precluded application of the "safety valve" provision of § 3553(f)(5). On January 12, 2023, Movant was sentenced to 135 months of imprisonment. Movant did not appeal the judgment.

## The Motion

Movant contends that her attorney provided ineffective assistance of counsel by: (1) failing to consult with Movant about the presentence report; (2) failing to investigate or prepare for sentencing; and (3) promising that Movant would be sentenced to 36 months of imprisonment.

## Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights, and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367,

368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Analysis

*Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to her claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove her attorney's performance was objectively unreasonable in light of the facts of Movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant

must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; Movant must affirmatively prove, by a preponderance of the evidence, that she was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In the context of a guilty plea, Movant must show a reasonable probability that, but for counsel's deficient performance, she would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The court will now consider the merits of Movant's ineffective assistance of counsel claims.

*Inadequate Investigation, Preparation, and Consultation*

Movant contends that her attorney failed to investigate and prepare for the sentencing hearing and consult with Movant regarding the presentence report. An attorney is required to conduct a reasonable amount of investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). However, the defense of a criminal case does not "contemplate the employment of wholly unlimited time and resources." *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992). An attorney is not necessarily ineffective for failing to investigate every conceivable, potentially non-frivolous matter. *Id*. Further, "brevity of consultation time" with a client does not, by itself, rise to the level of ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984).

Movant offers no factual support for her conclusory assertion that defense counsel's investigation or preparation was inadequate. In addition, Movant failed to demonstrate that she was prejudiced by counsel's performance because there is no indication from the record that additional

4

investigation, preparation, or consultation prior to sentencing would have revealed evidence or legal arguments that would have aided Movant's defense or resulted in a lesser sentence. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008) (holding that conclusory assertions of prejudice are insufficient to satisfy the prejudice prong of the *Strickland* test).

*Unkept Promise Regarding Sentence*

Movant contends that defense counsel provided ineffective assistance by promising Movant that she would be sentenced to 36 months of imprisonment if she pleaded guilty. Instead, Movant was sentenced to 135 months of imprisonment.

Movant is entitled to relief based on alleged unkept promises, though inconsistent with statements she made in open court, only if she proves: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has not met this burden because she relies on unsupported assertions that she was promised a sentence of 36 months of imprisonment, contrary to her prior statements made under oath that her guilty plea was voluntary and was not the result of any threats or promises. (*United States v. Balderas De Leon*, No. 9:22-CR-6, ECF No. 83 at 10, 12-13.) Therefore, this ground for review does not warrant relief.

## Recommendation

This motion to vacate, set aside, or correct sentence should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge